Filed 4/14/16  P. v. Silva CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070253 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRM025706) |
| DIEP QUYNH SILVA, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Dawn Schock, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Kane, J. and Peña, J.

## INTRODUCTION

Appellant Diep Quynh Silva pled no contest to one felony count of embezzlement, a violation of Penal Code[1] section 503.  The trial court sentenced Silva to probation, with various terms and conditions, including serving six months in jail and paying $8,507.22 in restitution.  Silva appealed.  Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Silva was hired in August 2011 as the property manager for America West Homeowner's Association (HOA).  Silva's duties included maintaining records, paying vendors, paying bills, and any other jobs that needed attention with respect to the housing complex.  Silva had access to the HOA's checking account and was authorized to pay bills by check, which required her signature and that of one of the board members for the HOA.

After Silva left the HOA's employment, the HOA's secretary began examining claims from vendors regarding a failure of the HOA to pay them.  The secretary began examining bank records and found that money had periodically been withdrawn from the checking account without authorization.

Silva was interviewed by Atwater police.  Silva acknowledged that she was not authorized to withdraw cash from the HOA account.  When the police informed Silva that there was a record of at least 27 cash withdrawals from the account, Silva changed her story and indicated one of the board members allowed her to withdraw cash to pay bills.  When asked why she would need to make cash withdrawals at banks in Southern California and other places outside the Atwater area, Silva indicated she was going through a "rough patch" when the withdrawals were made.

---

[1]     References to code sections are to the Penal Code unless otherwise specified.

2.

Silva told police that she withdrew $2,500 and used the funds to pay personal bills. Silva told police she "knew it was wrong." When asked about all the cash withdrawals from the various banks and tellers, Silva did not dispute that she was the one who withdrew the funds.

HOA Boardmember Manuel Pinto told police that he and the other board members were unable to locate any record of any HOA bills being paid from the funds withdrawn in cash from the checking account.

In December 2012, Silva was charged with one felony count of embezzlement. On July 3, 2014, Silva pled no contest to the charge.

At the October 7, 2014, hearing on restitution and sentencing, the trial court heard testimony from the HOA's current property manager, the HOA board president, and Silva. The testimony established that the amount of cash withdrawn from the HOA checking account and for which the HOA was requesting restitution was $8,507.22.

At the restitution hearing, Silva claimed that her employment agreement entitled her to reimbursement of certain expenses and payment for certain tasks in addition to her salary. She maintained that she only withdrew funds for reimbursements or payments authorized by her employment agreement. Silva claimed that Pinto implicitly authorized her to take a cash advance on salary and the other cash withdrawals.

The trial court found that Silva's testimony "doesn't have a lot of credibility." The trial court noted that Silva gave a statement to police, but then at the restitution hearing she "denies the substance of the statement." The trial court also noted that Silva claimed at the restitution hearing that at the time she took the funds she was going through a divorce, had mental health issues and was on medication, but then also claimed none of the withdrawals were "inappropriate." The trial court found there "was never really any reason for the Court to believe what she said." The trial court expressed concern that Silva was not "taking responsibility" for her actions.

3.

Ultimately, the trial court denied Silva's request to reduce the offense to a misdemeanor pursuant to section 17, subdivision (b). The trial court imposed 36 months of formal probation, a six-month jail term, and ordered payment of restitution to the HOA in the amount of $8,507.22.

Silva filed a notice of appeal on October 9, 2014, challenging her sentence and other matters that do not affect the validity of her plea. Appellate counsel was appointed on December 31, 2014.

## **DISCUSSION**

Appellate counsel filed a *Wende* brief on April 30, 2015. (*People v. Wende*, *supra*, 25 Cal.3d 436.) That same day, this court notified Silva that she had the right to file a supplemental brief. No supplemental brief was filed.

Silva was informed prior to entering her plea that the possible punishment for a felony embezzlement conviction was a term of 16, 24, or 36 months and that she would have to pay restitution. Silva was sentenced in accordance with her plea agreement to 36 months of formal probation and ordered to pay restitution.

We review an award of victim restitution for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 665.) Once the People make a prima facie case establishing the amount of restitution owed, the burden shifts to the defendant to demonstrate that the amount is other than that claimed by the victim. (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.)

Here, the trial court found that the People made a prima facie case that $8,507.22 was owed the HOA as restitution. The trial court found that Silva's testimony claiming a lesser amount was owed was not credible. Consequently, Silva did not carry her burden of proof to establish any lesser amount was owed. (*People v. Sy, supra,* 223 Cal.App.4th at p. 63.)

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.